

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 5, 2003

Paul V. Kelly, Esq.
Nicholas A. Klinefeldt, Esq.
Kelly, Libby & Hoopes, PC
175 Federal Street
Boston, MA 2110

Re:   United States v. Joarez Reis, Crim. No. 03-10213-GAO

Dear Messrs. Kelly and Klinefeldt:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joarez Reis ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.   Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all counts of the above-captioned Indictment: which charge violations of 18 U.S.C. §1001 (False Statements to Federal Agency) [counts 1-14]; 18 U.S.C. §1341(Mail Fraud) [counts 15-18 and 39-54]; and 18 U.S.C. §287 (False Claims Against United States) [counts 19-38]. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts 1-54 of the Indictment, and is in fact guilty of those offenses.

2.   Penalties

Defendant faces the following maximum penalties for each count of the Indictment:

5 years imprisonment
$250,000 fine
3 years supervised release (class D felony)
$100 special assessment

If the Defendant is not a United States citizen he may also be deportable and/or excludable by the United States Immigration and Naturalization Service as a consequence of his conviction of the offenses to which he is pleading guilty.

3.  Sentencing Guidelines

The parties agree jointly to take the position that this case is governed by the version of the United States Sentencing Guidelines effective Nov. 1, 1999. And that the following are the applicable guideline calculations:

| | | |
|---|---|---|
| *GROUP 1* | *(False Statement in Respect to the Citizenship or Immigration Status of Another; Fraudulent Marriage to Assist Alien to Evade Immigration Law)* | |
| *§2L2.1(a)* | *Base Offense Level* | *11* |
| *§2L2.1(b)(2)* | *If the offense involved six or more documents or passports, increase as follows:* <br> *Number of Documents/Passports     Increase in Level* <br> *(B)     25-99                                                             add 6* | *6* |
| *§3B1.3* | *Abuse of Position of Trust or Use of Special Skill* | *2* |
| *§3A1.1* | *(b) If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels* | *2* |
| | *Group 1 total offense level* | *21* |
| *GROUP 2* | *(Fraud and False Claims relating to fraudulent tax refunds)* | |
| *§2F1.1(a):* | *Base offense level* | *6* |
| *§2F1.1(b)(1)(c):* | *Adjustment for loss (>$70,000 <$120,000)* | *6* |
| *§2F1.1(b)(2)(A):* | *More than minimal planning* | *2* |
| *§3B1.3:* | *Abuse of Position of Trust or Use of Special Skill* | *2* |
| | *Group 2 total offense level* | *16* |

2

*Tax loss as alternative measure for GROUP 2:*

*§2T1.1 (a)(1) Level from §2T4.1 (Tax Table) corresponding to the tax loss (>$70,000 and <$120,000)* .................................... 14

*§3B1.3:    Abuse of Position of Trust or Use of Special Skill* ................. 2

*Group 2 total offense level*                                                                16

COMBINED OFFENSE LEVEL

*§3D1.4    Number of Units:*
*Group 1        1 unit*
*Group 2        ½ unit*
*total          1½ units*

*Combined Offense Level (Level 21 plus 1 – 22)*                              22

(b)    Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

  (i) Fails to admit a complete factual basis for the plea;

  (ii) Fails to truthfully admit his conduct in the offenses of conviction;

  (iii) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

  (iv) Fails to provide truthful information about his financial status;

  (v) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

  (vi) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

  (vii) Intentionally fails to appear in Court or violates any condition of release;

      (viii)    Commits a crime;

      (ix)    Transfers any asset protected under any provision of this Agreement; and/or

      (x)    Attempts to withdraw his guilty plea.

(c)    Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

(d)    Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

(a)    The U.S. Attorney agrees to recommend the following sentence before the District Court:

      (i)    A term of incarceration not to exceed 30 months;

      (ii)    A fine not to exceed $75,000;

      (iii)    Restitution in such amount as the United States Attorney deems appropriate;

      (iv)    $5,400 Mandatory special assessment;

      (v)    3 years supervised release, subject to the following conditions:

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

          (A)    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

          (B)    Provide to the Examination Division all financial information necessary to correct any and all false tax returns filed by Defendant, individually or as a preparer;

          (C)    Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

   (D) File accurate and complete tax returns for those years for which Defendant's individual returns were not filed or for which inaccurate returns were filed; and

   (E) Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

 (b) Defendant agrees to recommend the following sentence before the District Court:

   (i) A term of incarceration not less than 30 months;

   (ii) No fine in light of defendant's financial condition;

   (iii) Restitution in such amount as the Defendant deems appropriate;

   (iv) $5,400 Mandatory special assessment;

   (v) 3 years supervised release, subject to the conditions described in paragraph 4(a)(v)(A-E), above.

 (c) The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

 (d) In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000;

(b) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(a) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(b) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(c) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines..

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

6

from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.     Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *James B. Farmer*
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief, Criminal Division

PAUL G. LEVENSON
Assistant U.S. Attorney

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

JOAREZ REIS, Defendant

Date: 12-2-03

I certify that Joarez Reis has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

PAUL V. KELLY, ESQ.
NICHOLAS A. KLINEFELDT, ESQ.
Attorneys for Defendant Joarez Reis

Date: 12-2-03